### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**YANNICK RASHAD BURTIN,**

    **Plaintiff,**

    v.                                                                                         **CASE NO. 20-3061-SAC**

**CORRECT CARE SOLUTIONS,**
**et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. At the time of filing, Plaintiff was a pretrial detainee at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). Plaintiff is currently incarcerated at the Norton Correctional Facility in Norton, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4.) On June 24, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 8). The Court's screening standards are set forth in detail in the Court's MOSC.

Plaintiff alleges Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that on March 3, 2019, Plaintiff began to have pain in his lower back and groin area and began "leaking blood from his penis." (Doc. 8, at 2.) Plaintiff alleges his vitals were taken and he was returned to his cell. Plaintiff alleges that it took an hour before he was approved to be taken to the Olathe Medical Center Emergency Room, where he was treated and released. *Id*. at 2, 4–5. Plaintiff was prescribed an antibiotic and was referred to a

1

urologist.  Plaintiff alleges Defendants "failed to fully treat Plaintiff as directed by Olathe Medical Center, made him endure unnecessary agony, made fun of his situation, and ignored his complaints."  *Id*. at 2.  Plaintiff alleges that it took three to five days for him to be approved and given his medication, and he was not seen by a urologist.  *Id*. at 5.  Plaintiff alleges that he suffered unnecessary pain and unwarranted humiliation by being made fun of by a deputy who joked about Plaintiff's condition.  *Id*.  Plaintiff alleges that his additional requests for emergency medical attention were met with responses like "Your issue is not important" and "If you want to be seen, you'll have to put in for sick call."  *Id*.

Plaintiff names as defendants:  Correct Care Solutions ("CCS"); Sheriff Calvin Hayden; Nurse Katie Adams; the JCADC; and an unknown deputy.  Plaintiff seeks compensatory and punitive damages, and written apologies from each defendant. *Id*. at 7.

The Court found in the MOSC that Plaintiff failed to show an Eighth Amendment violation.[1]  A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).  Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication.  Plaintiff was taken to the emergency room for treatment.  Plaintiff does not allege that he was denied all medication, but rather claims there was a delay in receiving his medication and it was not refilled.

---

[1] If Plaintiff is a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment.  But "[t]he distinction effectively is immaterial . . . because '[u]nder the Fourteenth Amendment due process clause, pretrial detainees are entitled to the degree of protection against denial of medical attention which applies to convicted inmates under the Eighth Amendment.'" *Thomas v. Guffey*, 367 F. App'x 957, 959 n.2 (10th Cir. 2010) (quoting *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009), *cert. denied* 558 U.S. 877 (2009)).

*See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.").

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff has failed to show deliberate indifference or substantial harm.

Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC. Plaintiff has failed to show that any defendant was deliberately indifferent regarding his medical care. Plaintiff has failed to show that Defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims suggest, at most, negligence.

The MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice." (Doc. 7, at 9.) Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and fails to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 6, 2020, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE

4